UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALICE R. JONES,

Plaintiff,

Case No. 25-cv-1993-pp

v.

CITIMORTGAGE, INC., CENLAR
and MASS MUTUAL LIFE INSURANCE COMPANY,

Defendants.

---

**ORDER DISMISSING AMENDED COMPLAINT (DKT. NO. 12) FOR FAILURE TO STATE CLAIM AND GIVING PLAINTIFF OPPORTUNITY TO FURTHER AMEND, DENYING WITHOUT PREJUDICE DEFENDANTS' MOTIONS TO DISMISS (DKT. NOS. 27, 40, 42), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR EXTENSION (DKT. NOS. 33, 46, 49, 61), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS REGARDING SERVICE (DKT. NOS. 25, 34, 35) AND GRANTING DEFENDANT MASS MUTUAL'S MOTION TO SUBSTITUTE COUNSEL (DKT. NO. 38)**

---

On December 18, 2025, the plaintiff—who is representing herself—filed a complaint, using the court's form, making numerous allegations that the defendants, mortgage companies and several attorneys, mishandled her mortgage. Dkt. No. 1. The plaintiff paid the filing fee. Id. On March 10, 2026, defendant Cenlar moved to dismiss the complaint for failure to state a claim. Dkt. No. 6. On March 13, 2026, the court issued an order telling the plaintiff that she could either respond to the motion to dismiss or amend her complaint. Dkt. No. 9. On March 31, 2026, defendant D. Alexander Martin filed a motion for dismissal. Dkt. No. 11. That same day, the court received from the plaintiff an amended complaint, naming only CitiMortgage, Cenlar and Mass Mutual

Life Insurance Company as defendants, dkt. no. 12; the clerk's office terminated all the other defendants named in the plaintiff's original complaint—including defendant Martin. On April 27, 2026, CitiMortgage moved to dismiss the amended complaint. Dkt. No. 27. On May 19, Mass Mutual and Cenlar separately moved to dismiss. Dkt. Nos. 40, 42. The court received numerous response briefs from the plaintiff, responding to both the actual motions and the briefs supporting the motion, as well as submitting sur-replies. Dkt. Nos. 44, 45, 50–53, 60, 62. The court also received from the plaintiff multiple motions for extension of time to respond to the defendants' various filings. Dkt. Nos. 33, 46, 49, 61.

Although the plaintiff has paid the filing fee, the court will exercise its discretion and screen the complaint under 28 U.S.C. §1915(e)(2). See Slaughter v. First Am. Bank, Case No. 24-cv-75-pp, 2024 WL 5238632 at *1 (E.D. Wis. Dec. 27, 2024). In addition to screening the complaint, this order denies the pending motions without prejudice and gives the plaintiff a final opportunity to amend her complaint.

## I. Screening

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). The court must accept as true the factual allegations in the complaint, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). A

plaintiff does not need to plead every fact supporting her claims; she needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." United States *ex rel.* v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003).

The court recounted above that when she filed her original complaint in December 2025, the plaintiff used this court's standard complaint form. But when she prepared her amended complaint in March 2026, the plaintiff prepared a twenty-four-page amended complaint that she typed herself; she did not use the court's standard form. Dkt. No. 12. She names three defendants, CitiMortgage, Cenlar FSB and Mass Mutual Life Insurance Company. Id. at 1. The amended complaint alleges that the defendants violated various provisions of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2601, *et seq.* Id. It repeatedly cites §§2605, 2607, 2609 and 2617 of RESPA, often without specifying a subsection or explaining how the defendants allegedly violated the provision. Id. The plaintiff attached almost one hundred pages of exhibits to her complaint, which she references throughout. Id.; Dkt. No. 12-1.

The amended complaint is long and hard to follow and contains vague, winding allegations. The exhibits are likewise confusing and lengthy. Because the plaintiff did not use this court's standard amended complaint form, it is

difficult to determine whether the amended complaint contains all the information that form provides. The result is an unwieldy complaint that is a far cry from the "short and plain statement" required by Rule 8(a)(2). The overlong, cumbersome amended complaint caused the parties to file multiple, cumbersome motions to dismiss and an avalanche of briefs.

The court will deny without prejudice all the pending motions to dismiss, motions for extension and motions regarding service and will dismiss the amended complaint. The court will give the plaintiff the opportunity to file a second amended complaint.

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for her amended complaint. See Civil Local Rule 9(b) (E.D. Wis.). The plaintiff must write the case number for this case in the space provided on the first page and write "second" in front of the words "amended complaint" on the first page.

The plaintiff must use the spaces on pages two and three to *concisely explain the key facts* that give rise to her claim. The plaintiff does not need to recite every potentially relevant fact of her case or repeat her grievances multiple times. Her second amended complaint must be a "short and plain statement" of her RESPA claims. If there is not enough space on those pages, the plaintiff may use *no more than two additional sheets of paper*, double-spaced so that the court can read them. The second amended complaint takes the place of the amended complaint and must be complete in itself; the plaintiff may not refer the court back to facts in the previous complaint.

Once the court has received the plaintiff's second amended complaint, the court will screen it. The defendants should wait to file motions to dismiss until after the court has screened the second amended complaint; if the screening order allows any claims to proceed, the defendants may file any appropriate motions regarding those surviving claims.

The court advises the plaintiff that if the defendants end up filing motions to dismiss the second amended complaint (or any other motions), she is allowed to file only *one* opposition brief for each motion. And sur-replies (or as the plaintiff refers to them, opposition to the defendant's replies) are not contemplated by the court's local rules. The court's rules allow for a motion, a single response by the party opposing the motion and a single reply in support of the motion by the party who filed it. See Civil Local Rule 7(a) (motion), 7(b) (non-moving party's response) and 7(c) (reply) (E.D. Wis.). The applicable local rule does not mention sur-reply briefs and does not set a deadline for filing one because "sur-replies generally are disfavored" and courts grant leave to file them "only rarely." Hobbs v. Willis, No. 22-cv-467-pp, 2024 WL 4345835, at *3 (E.D. Wis. Sept. 30, 2024) (internal quotation modified and internal citations omitted). The party who filed the motion gets the last word, and the plaintiff must not file sur-replies unless she asks for, and receives, this court's permission to do so.

## II. Additional Motions

The plaintiff has filed several motions to address "improper service" and to order the defendants to "comply with service requirements." Dkt. Nos. 25,

34, 35. In these motions, the plaintiff alleges that the defendants are not sending her their filings. Id. Although defendants Cenlar and Mass Mutual did not respond, defendant CitiMortgage responded saying that it would send the plaintiff all of its filings by first class mail to her address and send them by email. Dkt. No. 39. The plaintiff appears to be getting the defendants' filings because she has responded to them and has not missed any deadlines. The court will deny these motions without prejudice, meaning the plaintiff can refile the motions if it turns out that in the future, she learns that a defendant has filed something that she did not receive.

On May 15, 2026, defendant Mass Mutual submitted a motion to substitute counsel, requesting that the court allow Ballard Spahr to replace Troutman Pepper Locke as its attorney. Dkt. No. 38. The clerk's office already has updated the docket to reflect that change and the court will grant the motion.

Finally, the court generally advises the plaintiff that flooding the court with motions, opposition briefs, sur-replies and hundreds of pages of attachments will slow the process of her case. The plaintiff should make every effort to be concise, to focus on only the critical facts and to follow the rules the court has described in this order.

## III. Conclusion

The court **CONCLUDES** that the amended complaint does not comply with Federal Rule of Civil Procedure 8(a)(2) and **ORDERS** that the complaint is **DISMISSED WITHOUT PREJUDICE**. Dkt. No. 12.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, she must file a second amended complaint that complies with the requirements of this order by the end of the day on **September 11, 2026**.

If the plaintiff files a second amended complaint by the end of the day on September 11, 2026, the court will screen the second amended complaint and determine whether it states a claim for which a federal court may grant relief. If the plaintiff does not file a second amended complaint by September 11, 2026, the court will dismiss this case on the next business day without further notice or hearing for the plaintiff's failure to state a claim in her original complaint.

The court **DENIES WITHOUT PREJUDICE** the defendants' motions to dismiss. Dkt. Nos. 27, 40, 42.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motions for extension. Dkt. Nos. 33, 46, 49, 61.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motions to address improper service and to order defendants to comply with service requirements. Dkt. Nos. 25, 34, 35.

The court **GRANTS** defendant Mass Mutual's motion to substitute counsel. Dkt. No. 38.

Dated in Milwaukee, Wisconsin this 5th day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**